# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, JR., | Case No. 1:11-cv-00420-LJO-SAB |
| Plaintiff, | ORDER SCREENING FIRST AMENDED COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| KEN CLARK, et al., | ECF NO. 9 |
| Defendants. | THIRTY (30) DAY DEADLINE |

**I.**

**INTRODUCTION**

Plaintiff Keith Duane Arline, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on March 11, 2011. (ECF No. 1.) Plaintiff filed a First Amended Complaint on May 18, 2011 before the original complaint was screened and before any defendants made an appearance in this action. (ECF No. 9.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims. The Court will dismiss Plaintiff's claims, with leave to amend.

///

///

## II.

## SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## PLAINTIFF'S COMPLAINT

Plaintiff names Ken Clark (former warden), Kathleen Allison (warden), Stuart Sherman (associate warden), T. Wan (associate warden), F. Vazquez (C-Facility captain) and D. Goss (C-

2

Facility lieutenant) as defendants in his First Amended Complaint. (First Am. Compl. 3-4.)

The events alleged in the First Amended Complaint took place while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California ("CSATF/SP"). (First Am. Compl. 4.) Plaintiff alleges that a "modified program" was in effect at CSATF/SP between June 21, 2009 through December 3, 2009. (First Am. Compl. 4.) During that time, Plaintiff was not given adequate outdoor exercise and was kept in his cell 24 hours a day, seven days a week. (First Am. Compl. 4.) Plaintiff contends that he suffered serious physical and mental injuries as a result. (First Am. Compl. 4.) Plaintiff filed an administrative grievance requesting outdoor exercise, but it was repeatedly denied. (First Am. Compl. 4.)

The copies of the administrative grievances attached to Plaintiff's First Amended Complaint indicate that Plaintiff's grievances were denied by Defendants D. Goss, T. Wan and Kathleen Allison. A "Program Status Report" signed by Defendants F. Vasquez and K. Clark is also attached indicating that CSATF/SP was placed on a modified program starting on June 22, 2009. Additional program status reports dated October 12, 2009 and October 27, 2009 and signed by Vasquez and Allison indicate that CSATF/SP remained on a modified program through those dates.

## IV.

## DISCUSSION

### A. Plaintiff's Eighth Amendment Claims

Liberally construed, Plaintiff's First Amended Complaints alleges that his rights under the Eighth Amendment were violated because the denial of outdoor exercise during the modified program constituted cruel and unusual punishment.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d

732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Ordinarily, lack of outdoor exercise for extended periods of time is a sufficiently serious to amount to a deprivation of the "minimal civilized measure of life's necessities." LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993). However, a prisoner's right to outdoor exercise is not "absolute and indefeasible." Norwood v. Vance, 591 F.3d 1062, 1068 (9th Cir. 2009). Prison officials may deny outdoor exercise "to restore order during a series of brutal attacks" and there is no evidence "that the lockdowns were meant to be punitive or were otherwise implemented in bad faith." Id. at 1068-69. "[P]rison officials have a duty to keep inmates safe, and in particular to protect them from each other. [Citations]. Officials must balance this imperative against other obligations that our laws impose, such as providing outdoor exercise." Id. at 1069. Other district courts have held that the denial of outdoor exercise does not rise to the level of an Eighth Amendment violation where outdoor exercise is suspended for prisoner safety reasons in response to violent incidents. Knight v. Evans, No. C 06-00887 SBA (PR), 2009 WL 1916879, at *6 (N.D. Cal. 2009) ("...the denial of outdoor exercise for security reasons does not violate the Eighth Amendment"); Jones v. Garcia, 430 F. Supp. 2d 1095, 1104 (S.D. Cal. 2006) (defendants were not deliberately indifferent when suspending outdoor exercise for ten months in response to incidents of racial violence); Hayes v. Garcia, 461 F. Supp. 2d 1198, 1207-1208 (S.D. Cal. 2006) (same).

In this case, the administrative grievances attached to Plaintiff's First Amended Complaint and incorporated by reference state that CSATF/SP was placed on a modified program in response to violent incidents.[1] In a "Director's Level Appeal Decision," prison officials stated that "[n]umerous attempts have been made over the past year to return the Facility "C" to normal

---

[1] In determining whether a complaint states a cognizable claim for relief, the Court may consider materials attached as exhibits to the complaint and incorporated therein. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); City of Fresno v. U.S., 709 F. Supp. 2d 888, 912 n.21 (E.D. Cal. 2010).

4

program but continued violence has made the efforts unsuccessful." (First Am. Compl. 10.) A "Program Status Report" dated June 22, 2009 indicates that a modified program was initiated in response to a riot that occurred on June 21, 2009 between the "Northern Hispanic and Southern Hispanic inmate population as well as three Black inmates." (First Am. Compl. 12.) A Program Status Report from October 12, 2009 indicates that the modified program continued in response to batteries and riots occurring on July 25, 2008, June 21, 2009, June 30, 2009 and August 18, 2009. (First Am. Compl. 13.) An October 27, 2009 Program Status Report indicates that an additional battery occurred on October 16, 2009. (First Am. Compl. 14.) The report further indicates that the modified program was kept in place after "Metal Stock" was discovered missing from a housing unit and prison officials began searching housing units. (First Am. Compl. 14.)

Plaintiff's First Amended Complaint does not allege any facts which plausibly challenge the prison officials' stated justification for the modified program. Plaintiff does not deny that these violent incidents occurred and does not deny that the modified program was put in place as a safety measure in response to these violent incidents. Accordingly, Plaintiff does not allege sufficient facts that plausibly support the conclusion that any prison official acted with deliberate indifference. The complaint indicates that the denial of outdoor exercise was done for prisoner safety reasons in response to several violent incidents. Plaintiff's First Amended Complaint fails to state any cognizable claims for the violation of his rights under the Eighth Amendment.

**B.    Individualized Allegations Pertaining to Causation**

Plaintiff's First Amended Complaint does not allege facts that establish deliberate indifference on the part of any of the individual defendants. Plaintiff does not allege any facts specific to any of the individual defendants. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). At best, the Court can infer from the exhibits attached to Plaintiff's complaint that some of the individual defendants had some role in denying Plaintiff's administrative grievances

///

///

or signing their names on the Program Status Reports.[2]

However, Plaintiff does not allege facts specifically demonstrating how each individual defendant acted with deliberate indifference by being aware of a substantial risk of serious harm to Plaintiff and failing to take reasonable actions to abate that risk.  For example, Defendant Ken Clark's name appears on the June 22, 2009 Program Status Report establishing the modified program, but does not appear anywhere else.  There is no indication that Clark acted with deliberate indifference because there are no facts that plausibly support the conclusion that Clark knew how long the modified program would last or that he otherwise knew that the modified program would create a substantial risk of serious harm to Plaintiff.

Since Plaintiff fails to allege individualized facts establishing each defendants' role in any alleged constitutional violations, the Court finds that Plaintiff's First Amended Complaint fails to allege sufficient facts to support any cognizable claims against any of the defendants.

## V.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims.  Plaintiff is granted leave to file a Second Amended Complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Iqbal, 556 U.S. at 678.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

---

[2] Notably, Defendant Stuart Sherman's name does not appear on any of the exhibits and there are no allegations specific to him in Plaintiff's First Amended Complaint.  It is unclear how Sherman is involved in the incidents alleged in Plaintiff's First Amended Complaint.

6

right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's First Amended Complaint, dated May 18, 2011, is dismissed for failure to state a claim upon which relief may be granted;

3. If Plaintiff wishes to amend, he must file a Second Amended Complaint within **thirty (30) days** from the date of service of this order; and

4. If Plaintiff fails to file a Second Amended Complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 20, 2013**

UNITED STATES MAGISTRATE JUDGE