1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, JR., | Case No.  1:11-cv-00420-LJO-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S SECOND AMENDED COMLAINT BE DISMISSED WITHOUT LEAVE TO AMEND |
| v. | |
| KEN CLARK, et al., | |
| Defendants. | ECF NO. 24 |
| | OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

**I.**

**INTRODUCTION**

Plaintiff Keith Duane Arline, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the original complaint in this action on March 11, 2011.  (ECF No. 1.)  Plaintiff filed a First Amended Complaint on May 18, 2011 before the original complaint was screened and before any defendants made an appearance in this action.  (ECF No. 9.)  The Court screened and dismissed Plaintiff's First Amended Complaint on June 21, 2013.  (ECF No. 12.)  This action now proceeds on Plaintiff's Second Amended Complaint filed on December 11, 2013.  (ECF No. 24.)

For the reasons set forth below, the Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims.

1

## II.

### SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

### PLAINTIFF'S COMPLAINT

The events described in Plaintiff's Second Amended Complaint took place while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison in

Corcoran, California ("CSATF/SP").   Plaintiff names Ken Clark (former warden), Kathleen Allison (warden), Stuart Sherman (associate warden), T. Wan (associate warden), F. Vasquez (captain), and D. Goss (lieutenant) as defendants in this action (all defendants collectively referred to as "Defendants").

Plaintiff alleges that CSATF/SP was placed on a "Modified Program" between June 22, 2009 and December 3, 2009 during which Plaintiff was not given adequate outdoor exercise. (Second Am. Compl. 4.)  Plaintiff contends that he was kept in his cell for 24 hours a day, seven days a week.  (Second Am. Compl. 4.)

## IV.

## DISCUSSION

### A.    Eighth Amendment Claim

Plaintiff contends that his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause were violated.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  "[A] prison official violates the Eighth Amendment only when two requirements are met.  First, the deprivation alleged must be, objectively, 'sufficiently serious.'"   Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).   Second, "a prison official must have a 'sufficiently culpable state of mind.' [Citations.]  In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety."  Id.  A prison official acts with "deliberate indifference" if:

> the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837.

Lack of outdoor exercise for extended periods of time can be sufficiently serious to amount to a deprivation of the "minimal civilized measure of life's necessities."  LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993).  However, a prisoner's right to outdoor exercise is not "absolute and indefeasible."  Norwood v. Vance, 591 F.3d 1062, 1068 (9th Cir. 2009).

1  Prison officials may deny outdoor exercise "to restore order during a series of brutal attacks" and

2  no Eighth Amendment claim exists if there is no evidence "that the lockdowns were meant to be

3  punitive or were otherwise implemented in bad faith." Id. at 1068-69. "[P]rison officials have a

4  duty to keep inmates safe, and in particular to protect them from each other.  [Citations].

5  Officials must balance this imperative against other obligations that our laws impose, such as

6  providing outdoor exercise." Id. at 1069.

7        Plaintiff alleges that he was deprived of outdoor exercise, but deprivation of outdoor

8  exercise alone is insufficient to support a cognizable Eighth Amendment claim.  In order to rise

9  to the level of an Eighth Amendment claim, the deprivation must have been done with deliberate

10  indifference.  Plaintiff fails to allege that the "Modified Program" was meant to be punitive or

11  was otherwise implemented in bad faith.  Moreover, as the Court noted in its prior screening

12  order, the exhibits attached to Plaintiff's complaint suggest that the "Modified Program" was

13  implemented for legitimate penological reasons in response to violent incidents and the

14  "Modified Program" was extended in duration because violent incidents occurred when prison

15  officials attempted to return to the normal program.  Nothing in Plaintiff's complaint suggests

16  that the "Modified Program" was in place for improper purposes.  Accordingly, Plaintiff fails to

17  state a cognizable claim under the Eighth Amendment.

18        **B.     Dismissal Without Leave to Amend**

19        Generally, leave to amend a dismissed complaint should be granted if it appears at all

20  possible that the plaintiff can correct the defects in the complaint.  Lopez v. Smith, 203 F.3d

21  1122, 1130 (9th Cir. 2000).  However, leave to amend may be denied when a plaintiff was

22  previously notified of the deficiencies in his claims but did not cure them.  See Chodos v. West

23  Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

24        Here, Plaintiff was previously informed of the deficiencies in his claims and his Second

25  Amended Complaint failed to cure them.  Accordingly, the Court will recommend dismissal of

26  Plaintiff's Second Amended Complaint without leave to amend.

27  / / /

28  / / /

4

## V.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiff's Second Amended Complaint fails to state any cognizable claims.  Moreover, the Court finds that leave to amend should be denied because Plaintiff's claims cannot be cured by granting further leave to amend.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Second Amended Complaint be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __January 15, 2014__                          _____

UNITED STATES MAGISTRATE JUDGE