UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH DUANE ARLINE, JR., <br><br> Plaintiff, <br><br> v. <br><br> KEN CLARK, et al., <br><br> Defendants. | Case No.: 1:11-cv-00420-LJO-SAB (PC) <br><br> FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS <br><br> [ECF No. 45] |

Plaintiff Keith Duane Arline, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for judgment on the pleadings.

**I.**

**RELEVANT PROCEDURAL HISTORY**

This action is proceeding against Defendants Allison, Goss and Wan for the denial of adequate outdoor exercise in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on March 5, 2015. (ECF No. 42.) On March 10, 2015, the Court issued the discovery and scheduling order. (ECF No. 43.)

After receiving an extension of time, Defendants filed a motion for judgment on the pleadings and request for judicial notice on January 25, 2016. (ECF Nos. 45, 46.)

Plaintiff filed an opposition on March 28, 2016. (ECF No. 50.)

On April 12, 2016, Defendants filed a motion for consolidate of the actions and stay of the proceedings pending the appeal in case number 1:11-cv-00293-LJO-DLB (PC), <u>Martinez v. Allison, et.al.</u> (E.D. Cal. Aug. 11, 2014). (ECF No. 51.)

## II.

## DISCUSSION

### A.     Allegations of Second Amended Complaint

Plaintiff alleges that CSATF/SP was placed on a "Modified Program" between June 22, 2009 and December 3, 2009 during which Plaintiff was not given adequate outdoor exercise. (ECF No. 24, Second Am. Compl. at 4.) Plaintiff contends that he was kept in his cell for 24 hours a day, seven days a week. (<u>Id.</u> at 4.)

### B.     Legal Standard for Motion Judgement on Pleadings

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law. <u>Chavez v United States</u>, 683 F.3d 1102, 1108 (9th Cir. 2012); Fed. R. Civ. P. 12(c). The applicable standard is essentially identical to the standard for a motion to dismiss under Rule 12(b)(6). <u>United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1055 n. 4 (9th Cir. 2011). Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-679 (2009).

In ruling on a motion for judgment on the pleadings, the Court may consider documents incorporated by reference in the pleadings and "may properly look beyond the complaint to matters of public record" that are judicially noticeable. <u>Mack v. South Bay Beer Distrib., Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by <u>Astoria Fed. Sav. & Loan Ass'n v. Solimino</u>, 501 U.S. 104, 111 (1991); <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The Court "need not … accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" attached to the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted). The issue of res judicata can be determined by examining the pleadings and taking judicial notice of the prior action. <u>See</u> <u>Scott v. Kuhlmann</u>, 746 F.2d 1377, 1378 (9th Cir. 1984)

1  (opining "[i]t is evident from the record in [the underlying action], of which we take notice, and the
2  pleadings in this case, that the issues raised in both cases are the same.").

### C. Collateral Estoppel/Issue Preclusion

Collateral estoppel, or issue preclusion, forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." Taylor v. Sturgell, 553 U.S. 880, 892 (2008). The court looks to federal common law for preclusive effect of a federal-court judgment. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 507-508 (2001).

However, "[a] person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." Taylor, 553 U.S. at 892. "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-154 (1979).

### D. Request for Judicial Notice

Defendants request that the Court take judicial notice of the docket and each docket entry in the case number 1:11-cv-00293-LJO-DLB (PC), Martinez v. Allison, et.al. (E.D. Cal. Aug. 11, 2014), including ECF Nos 1, 9, 10, 12, 64, 72, 87, 93 and 94. (ECF No. 46, Ex. 1.)

Defendants rely on these documents in arguing that the current action is barred by collateral estoppel or issue preclusion. These documents are proper subjects of judicial notice. See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal quotation marks omitted). Accordingly, Defendants' request for judicial notice is granted.

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready

determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b).

Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

The Court has taken judicial notice of the Exhibits A through F submitted by Defendant. (ECF No. 58-3, Exs. A-F.)

### E. Defendants' Motion for Judgment on the Pleadings

Defendants submit that the underlying action in Martinez v. Allison, et al., 1:11-cv-00293-LJO-DLB (PC) (E. D. Cal. Aug. 11, 2014), bars the present suit based on collateral estoppel.[1] Martinez proceeded on an equal protection claim and deliberate indifference claim based on a lockdown/modified program for a period of 16 months, spanning from June 2009 to October 2010. Defendants moved for summary judgment and the magistrate judge recommended granting the motion on March 14, 2014. (ECF No. 87, 1:11-cv-00293-LJO-DLB (PC).) With regard to the equal protection claim, the magistrate found that the lockdown/modified program was "narrowly tailored and implemented to resolve a compelling government interest of restoring prison security and discipline." (Id. at 33:6-9.) As to the Eighth Amendment claim, the magistrate judge found defendants failed to meet their initial burden of the absence of a genuine issue of material fact as to whether the security emergency existed until October 13, 2010. However, the magistrate judge found that defendants were entitled to qualified immunity in that "[i]t is not clearly established exactly how

---

[1] Defendants Allison and Wan also filed a motion to dismiss in case number 1:13-cv-02010-DAD-JLT (PC), Adam R. Lopez v. Allison, et.al., on the ground that Plaintiff Lopez was collaterally estopped from bringing the action because his claims were precluded by the summary judgment ruling in Martinez v. Allison, et.al., 1:11-cv-00293-LJO-DLB (PC). (ECF No. 26, 1:13-cv-002010-DAD-JLT (PC).) Defendants' motion to dismiss was denied based on the lack of privity between Plaintiff Lopez and Plaintiff Martinez. (ECF Nos. 40 & 41.)

4

or when prison officials must lift a lockdown or modified program implemented in response to threats to the safety and security of the institution arising from riots or information that inmates plan to assault staff." (Id. at 35:2-4) (citations omitted). The magistrate judge's findings and recommendations were adopted in full on August 11, 2014, and judgment was entered. (ECF Nos. 93 & 94.)

In opposition to Defendants' present motion for judgment on the pleadings, Plaintiff argues that the record has not been developed in this action and material facts remain to be resolve, e.g., whether he was provided with an alternative to adequate outdoor exercise during the duration of the modified programming. (Opp'n at 2, ECF No. 50.)

For the reasons explained below, Defendants' motion for judgment on the pleadings must be denied.

1. Privity Between Plaintiff and Inmate Martinez

First, contrary to Defendants' argument, Goss was not a Defendant in the Martinez action. Second, the Court finds the lack of privity fatal to Defendants' motion. The Supreme Court has specifically rejected "virtual representation" as a basis for finding privity in the preclusion context. Taylor v. Sturgell, 553 U.S. 880, 885 (2008). Thus, contrary to Defendants' argument, the Court cannot find privity solely on the similarity of interests between Plaintiff and Martinez.

"The preclusive effects of a judgment in a federal-question case decided by a federal court should … be determined according to the established grounds for nonparty preclusion described in [Taylor]." Id. at 904. In Taylor, the Supreme Court articulated the following six categories of exceptions to the general rule forbidding nonparty preclusion: (1) a "person who agrees to be bound by the determination of issues in an action between others is bound…"; (2) "preexisting substantive legal relationships between the person to be bound and a party to the judgment"; (3) "a nonparty may be bound by a judgment because she was adequately representation by someone with the same interest who was a party to the suit"; (4) "a nonparty is bound by a judgment if she assumed control over the litigation in which that judgment was rendered"; (5) "a party bound by a judgment may not avoid its preclusive force by relitigating through a proxy"; and (6) "in certain circumstances a special statutory scheme may expressly foreclose successive litigation by nonlitigants .. if the scheme is otherwise consistent with due process." Id. at 893-895 (internal quotation marks and citations omitted).

Although Defendants did not cite <u>Taylor</u> or argue that this case fits any of the recognized exceptions, the Court finds none of exceptions apply. In fact, all, but the third exception, are patently inapplicable. The first exception is not applicable because Plaintiff did not agree to be bound by Martinez's action. The second exception is inapplicable as there is no pre-existing legal relationship between Plaintiff and inmate Martinez. Plaintiff did not assume control over the litigation in inmate Martinez's action and the fourth exception is not applicable. Plaintiff is not relitigating the Martinez by proxy as he did not participate or have an interest in the prior litigation and the fifth exception is not meet. The sixth exception is inapplicable because there is no successive litigation or applicable "special statutory scheme." Lastly, with regard the third exception, a party's representation of another is adequate "if, at a minimum: (1) [t]he interests of the nonparty and her representative are aligned"; and (2) "either the party understood herself to be acting in a representative capacity or the original court took care to protect the interest of the nonparty." <u>Id.</u> at 900 (citations omitted). This may also require notice of the original suit to the persons alleged to be represented. <u>Id.</u> Here, there is no basis to find that the interest of Plaintiff and Martinez are aligned and that either party or the court understood Martinez to be litigating on behalf of Plaintiff.[2] Accordingly, there is a lack of privity between Plaintiff and Martinez and Defendants' motion for judgment on the pleadings must be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for judgment on the pleadings be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may

---

[2] Indeed, the timing of the filing of the action supports this conclusion as the instant action was filed on March 11, 2011, and Martinez's action 11-cv-00293 LJO DLB (PC) was filed on February 18, 2011.

1  result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014)
2  (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).
3
4  IT IS SO ORDERED.
5  Dated:   **May 4, 2016**
6                                                                  UNITED STATES MAGISTRATE JUDGE