**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH DUANE ARLINE, JR., <br><br> Plaintiff, <br><br> v. <br><br> KEN CLARK, et al., <br><br> Defendants. | Case No.: 1:11-cv-00420-LJO-SAB (PC) <br><br> ORDER GRANTING DEFENDANTS REQUEST FOR EXTENSION OF TIME TO FILE A MOTION FOR SUMMARY JUDGMENT <br><br> THIRTY DAY DEADLINE <br><br> [ECF No. 53] |

  Plaintiff Keith Duane Arline, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff declined United States Magistrate Judge jurisdiction on April 1, 2011; therefore, this matter was referred to the undersigned pursuant to pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

  This action is proceeding against Defendants Allison, Goss and Wan for the denial of adequate outdoor exercise in violation of the Eighth Amendment.

  On June 13, 2016, Defendants' motion for judgment on the pleadings was denied.  (ECF No. 54.)  On June 20, 2016, Defendants' motion for consolidation and stay of the proceedings was denied, but the Court related the instant case with Lopez v. Allison, et.al., 1:13-cv-2010-DAD (now LJO)-SAB (PC) (E.D. Cal. Dec. 19, 2013).  (ECF No. 55.)

  Currently before the Court is Defendants' motion to modify the scheduling order, namely, a sixty day extension of the dispositive motion deadline.  (ECF No. 53.)  Pursuant the discovery and scheduling order, the dispositive motion deadline expired on January 19, 2016.  (ECF No. 43.)  However, on January 25, 2016, Defendants filed a motion for an extension of time to file the motion for judgment on the pleadings nunc pro tunc, to January 19, 2016.  (ECF No. 44.)  On March 8, 2016,

1

1  the Court granted Defendants' motion to extend the dispositive motion deadline nunc pro tunc to
2  January 19, 2016.  (ECF No. 49.)

3        In the present motion to extend the dispositive motion deadline, Defendants submit that "there
4  is a strong judicial policy in favor of summary judgment, the motion will save considerable judicial
5  resources and the delay in bringing the summary judgment motion was not occasioned by the actual
6  real part Defendants."  (Mot. at 3:3-6.)  Defense counsel states that the file was transferred on an intra-
7  office basis around the date the dispositive motion became due and the presently assigned attorney
8  needed additional time to become familiar with this complex action.  (Id. at 3:6-8.)

9        Having considered the record in this case, the Court finds that a sixty day extension of time to
10 be excessive.  First, contrary to Defendants' contention this is not the first motion to modify the
11 scheduling order, but rather the second motion.  (Declaration of Gabriel Ullrich, ¶ 4, ECF No. 53-1.)
12 Second, present defense counsel has now had the case file for a sufficient amount of time (since
13 January 2016) to review and prepare the necessary motion for summary judgment, if deemed
14 appropriate.  Third, a motion for summary judgment was previously filed in Martinez v. Allison, et.al.,
15 1:11-cv-00293-LJO-DLB (PC), based on similar circumstances present in the instant action.  Based on
16 the foregoing, the Court finds that a thirty (30) day extension of the dispositive motion to be sufficient.

17       Accordingly, it is HEREBY ORDERED that Defendants are granted **thirty (30)** days from the
18 date of service of this order to file a motion for summary judgment.

20 IT IS SO ORDERED.

21 Dated:  **June 23, 2016**
22                                        UNITED STATES MAGISTRATE JUDGE